```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GLEN SECARD,

                    Plaintiff,

     -against-                         MEMORANDUM & ORDER
                                       15-CV-0499(JS)(ARL)
WELLS FARGO BANK, N.A. and
HOGAN LOVELLS US LLP,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Glen Secard, pro se
                    45 Pennsylvania Ave.
                    Hempstead, NY 11550

For Defendants:
Wells Fargo
Bank, N.A.          Nana Japaridze, Esq.
                    Daniel Aaron Schleifstein, Esq.
                    Reed Smith LLP
                    599 Lexington Avenue
                    New York, NY 10022

Hogan Lovells
US LLP              Lisa Fried, Esq.
                    Robin L. Muir, Esq.
                    Hogan Lovells US LLP
                    875 Third Avenue
                    New York, NY 10022
```

SEYBERT, District Judge:

This action was commenced on February 2, 2015 by plaintiff Glen Secard ("Plaintiff") against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Hogan Lovells US LLP ("Hogan Lovells" and together with Wells Fargo, "Defendants"). Pending before the Court are Defendants' motions to dismiss (Docket Entries 12, 14), Plaintiff's motion for summary judgment (Docket Entry 24)

and Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant both of Defendants' motions and deny Plaintiff's motion.  (Docket Entry 27.)  For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.  However, the Court will afford Plaintiff an opportunity to file an Amended Complaint.

BACKGROUND

Plaintiff alleges a variety of causes of action in the Complaint stemming from a state foreclosure action.  In March 2015, Wells Fargo and Hogan Lovells both filed motions to dismiss.  (Docket Entries 12, 14.)  On April 23, 2015, the undersigned referred Defendants' motions to Judge Lindsay for an R&R on whether they should be granted.  (Docket Entry 21.)

On September 9, 2015, Judge Lindsay issued her R&R.  (Docket Entry 27.)  The R&R recommends that the Court grant both Defendants' motions and deny Plaintiff's motion.  (R&R at 13-14.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record."  Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. Plaintiff wrote a letter to the Court requesting that the Court not "dismiss this case." (Docket Entry 28.) Since Plaintiff's letter does not address the R&R, however, it must be disregarded. Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

II. Leave to Amend

Judge Lindsay's R&R does not address whether the Court should grant Plaintiff leave to replead his Complaint. However, leave to replead should be liberally granted to pro se litigants. Tufano v. One Toms Point Lane Corp., 64 F. Supp. 2d 119, 129 (E.D.N.Y. 1999) aff'd sub nom. Tufano v. One Toms Point Lane Corp., Bd. of Directors, 229 F.3d 1136 (2d Cir. 2000). Further, Rule 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15. Therefore, leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. Sanchez v. Local 660, United Workers of Am., 25 F. Supp. 3d 261, 268 (E.D.N.Y. 2014.); See also Protter v. Nathan's Famous Sys., Inc., 904 F. Supp. 101, 111 (E.D.N.Y. 1995.) Given Plaintiff's pro se status, the Court will allow him one opportunity to replead his allegations.

CONCLUSION

Judge Lindsay's R&R (Docket Entry 27) is ADOPTED in its entirety, Defendant's motions to dismiss (Docket Entries 12, 14) are both GRANTED, and Plaintiff's motion for summary judgment (Docket Entry 24) is DENIED.  Plaintiff's Complaint is DISMISSED, however, Plaintiff is granted one opportunity to amend his Complaint to assert viable claims.  Any Amended Complaint shall be filed within thirty (30) days from the date of this Memorandum and Order, shall be titled Amended Complaint, and shall bear the same docket number as this Order, No. 15-CV-0499(JS)(ARL).  **Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint.  Therefore, all claims and allegations Plaintiff wishes to pursue must be included in the Amended Complaint.  If Plaintiff fails to file an Amended Complaint within thirty (30) days, this case will be DISMISSED WITH PREJUDICE.**  The Clerk of the Court is directed to serve a copy of this Memorandum & Order on Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October   23  , 2015
         Central Islip, New York

4